**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DON SANDERS,

      Plaintiff,                          Case No.

v.                                                 Hon.

SET ENTERPRISES, INC.,

      Defendant.

---

Noah Hurwitz (P74063)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
nhurwitz@nachtlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Don Sanders ("Plaintiff"), by and through his attorneys, NACHT LAW P.C., and brings this action pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2615 *et seq.* ("the FMLA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161, *et seq*. against Defendant, SET Enterprises, Inc., ("Defendant").  In support thereof, Plaintiff hereby states and alleges the following:

## JURISDICTION AND PARTIES

1. Plaintiff was, at all times relevant to this cause of action, employed by

Defendant within the Eastern District of Michigan.

2. Plaintiff was, at all times relevant to this cause of action, domiciled in and a citizen of the State of Michigan.

3. Plaintiff was, at all relevant times, an employee defined by the FMLA in that he was employed with Defendant in excess of twelve (12) months and, during that time, worked in excess of 1,250 hours.

4. Plaintiff suffered from "serious health condition(s)." Plaintiff's condition required Plaintiff to miss work, thus making him eligible for the protection afforded by the FMLA, though Plaintiff was denied that protection.

5. Defendant is a supplier of metal processing services to the automotive industry with its principal place of business in New Boston, Michigan in the County of Wayne.

6. Defendant is an employer covered by the FMLA in that, at all relevant times, Defendant employed in excess of 50 employees within a 75-mile radius of Plaintiff's primary work site during each of 20 or more calendar workweeks in the current preceding calendar year.

7. Plaintiff was a "covered employee" as defined by COBRA in that Plaintiff was provided coverage under a group health plan while employed with Defendant.

8. Plaintiff, as a qualified beneficiary who would lose coverage under a group health plan due to a qualifying event, *i.e.*, termination of employment, was entitled to notice of his right to elect continuation coverage under the group health plan.

9. More than 44 days had elapsed since Plaintiff's "qualifying event" and Defendant failed to provide the requisite COBRA notices required by law to Plaintiff as a beneficiary under the Plan.

10. Defendant, as the plan sponsor of a group health plan, is subject to the notice requirements set forth pursuant to COBRA in that it employed at least 20 employees on more than 50 percent of its typical business days in the previous calendar year.

11. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the laws of the United States.

12. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiff's claims took place.

13. The facts and unlawful employment practices within the meaning of the FMLA and COBRA giving rise to this complaint occurred in New Boston, Wayne County, State of Michigan.

## FACTUAL ALLEGATIONS

14. Plaintiff was hired by Defendant on November 5, 2018 to work as a Quality Coordinator.

15. Plaintiff suffers from a degenerative serious health condition that was known to Defendant at all times relevant to this action.

16. There is no cure for Plaintiff's degenerative serious health condition, but one treatment includes a surgical procedure with a substantial recovery time.

17. On March 8, 2020, Plaintiff informed Defendant that he had to undergo a surgical procedure related to his degenerative serious health condition and requested time off for this surgery on March 17, 2020.

18. Plaintiff's Supervisor, Michael Mayes, was aware of Plaintiff's serious health condition and the pain it was causing. He was also aware that Plaintiff requested time off for surgery.

19. On March 16, 2020, Plaintiff applied for short term disability with third-party administrator UNUM.

20. On March 26, 2020, Mr. Mayes notified Plaintiff that he could apply for short term disability but denied that Defendant had any obligation to provide Plaintiff protected leave under the FMLA.

21. Although Defendant was aware Plaintiff requested time off for his surgery and filed short term disability leave with UNUM, there was no attempt nor

record of providing Plaintiff with FMLA paperwork.

22. On March 30, 2020, Plaintiff submitted medical documentation with UNUM to further pursue short term disability leave.

23. On April 15, 2020, UNUM informed Plaintiff that it denied his claim due to Defendant's failure to respond to paperwork submitted to the company.

24. Plaintiff assumed he was on a protected leave of absence while Defendant shut down work operations due to COVID-19.

25. In fact, Defendant had terminated Plaintiff.

26. Plaintiff does not know exactly when he was terminated because he received no termination paperwork and was not even advised that he had been terminated.

27. Plaintiff requested a copy of his personnel file, but a copy of the personnel file was not furnished to him.

28. Subsequent to his termination, Plaintiff was not notified of his right to continue his health insurance under the health plan of which he was covered during his employment with Defendant.

## COUNT I – FMLA INTERFERENCE

29. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

30. At all times relevant to this action, Plaintiff suffered from a degenerative serious health condition pursuant to 29 C.R.F. § 825.113(a).

31. Plaintiff's termination was a clear, direct, and substantial violation of 29 U.S.C. § 2615 which states, "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under this subpart."

32. Plaintiff was entitled to qualified FMLA medical leave pursuant to 29 C.R.F. § 825.200.

33. Defendant terminated Plaintiff as a discriminatory and/or retaliatory act against Plaintiff for exercising his right to qualified medical leave pursuant to the FMLA.

34. By not giving Plaintiff the required FMLA paperwork, the Defendant failed to classify Plaintiff's leave as FMLA leave, therein denying his access to FMLA medical leave.

35. Defendant's denial of Plaintiff's FMLA medical leave constitutes interference with Plaintiff's right to qualified FMLA medical leave.

36. Defendant's actions in violation of the FMLA were willful.

37. As a direct and proximate result of Defendant's retaliation against Plaintiff for exercising his FMLA rights, Plaintiff suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of

reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

38. As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## COUNT II - FMLA RETALIATION

39. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

40. Defendant's refusal to allow Plaintiff to continue his employment in response to his request for FMLA leave constitutes a substantial adverse employment action, pursuant to 29 U.S.C. § 615.

41. Defendant terminated Plaintiff's employment due to his exercise of his rights under the FMLA, including requesting leave for his FMLA-qualifying serious medical condition.

42. Plaintiff's termination was therefore in retaliation for exercising his right to qualified medical leave, pursuant to 29 U.S.C. § 2615.

43. Defendant's actions in violation of the FMLA were willful.

44. As a direct and proximate result of Defendant's retaliation against Plaintiff for exercising his FMLA rights, Plaintiff suffered bodily injury, feelings of

depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

45. As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

### COUNT III – FAILURE TO PROVIDE COBRA ELECTION NOTICES IN VIOLATION OF 29 U.S.C. §§ 1161, *et seq.*

46. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

47. Prior to his termination, Plaintiff was enrolled in Defendant's employee health care plan.

48. Plaintiff's termination constituted a qualifying even under COBRA, thus requiring Defendant to provide him with notice of his right to elect to continue his employer-sponsored health coverage.

49. Defendant failed to provide Plaintiff with his COBRA election notices, in violation of 29 U.S.C. §§1161, *et seq.*, within the time period established by COBRA.

50. Defendant's failure to abide by the express, statutorily imposed duty to notify Plaintiff of his rights under COBRA gives rise to the penalty provisions

codified in Section 502(c)(1) of ERISA for their failure to provide the requisite COBRA election notices.

51. Defendant is also liable for compensatory damages to offset Plaintiff for the prejudice and harm endured, in the form of out-of-pocket medical expenses, as a result of Defendant's failure to provide COBRA election rights in a timely manner.

**COUNT IV – FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT**

52. The "Bullard-Plawecki Employee Right to Know Act," MCL 423.501 *et seq.* ["Right to Know Act"], in relevant part grants an employee the right to receive a copy of his or her personnel records.

53. Plaintiff made a written request for his personnel records in a letter dated October 2, 2020. The letter was delivered through undersigned counsel.

54. To date, the personnel records have not been furnished, nor any reason or communication advanced for the refusal.

55. Defendant has therefore violated the Right to Know Act by willfully and knowingly refusing to send Plaintiff a copy of his personnel records or to otherwise respond.

56. Defendant's willful violation of the Right to Know Act has damaged Plaintiff as described herein and below, and entitles Plaintiff to injunctive relief, $200 plus actual damages, costs, and reasonable attorney fees.

9

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief in the form of (a) a judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, liquidated damages, punitive damages, prejudgment interest, costs, and attorney fees under FMLA, COBRA and the Right to Know Act; (b) an award of appropriate equitable relief, compensatory damages, liquidated damages, and exemplary damages; (c) an award of appropriate civil penalties; and (d) all further relief as the Court deems just and equitable.

                    Respectfully submitted
                    NACHTLAW, P.C.

                    */s/ Noah S. Hurwitz*
                    Noah S. Hurwitz (P74063)
                    Attorney for Plaintiff

Dated:  December 22, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON SANDERS,

      Plaintiff,                           Case No.

v.                                        Hon.

SET ENTERPRISES, INC.,

      Defendant.

---

Noah Hurwitz (P74063)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
nhurwitz@nachtlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff Don Sanders by and through his attorneys, NACHT LAW P.C., and hereby demands a trial by jury of the issues in the above-captioned cause of action.

                                              Respectfully submitted
                                              NACHTLAW, P.C.

                                              */s/ Noah S. Hurwitz*
                                              Noah S. Hurwitz (P74063)
Dated:  December 22, 2020         Attorney for Plaintiff

1